**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

**JESSICA MARILU ROSALEZ FUNEZ, SULMA HERNANDEZ, CANDY MELISSA ZAMORA, JULIA S. CARBALLO, DIANNA MEJIA, DILCIA NUNEZ, KARLINA MOLINA, LYDIA VEGA, and REYNA RODRIGUEZ, on behalf of themselves and others similarly-situated,**

**Plaintiffs,**

**v.**

**E.M.S.P., LLC, EDWIN A. MIRANDA, and SADIA ESTHER PALACIO**

**Defendants.**

**CIVIL ACTION NO. _______**

**JURY TRIAL DEMANDED**

**COMPLAINT – COLLECTIVE ACTION**

Plaintiffs Jessica Marilu Rosalez Funez, Sulma Hernandez, Candy Melissa Zamora, Julia S. Carbollo, Dianna Mejia, Dilcia Nunez, Karlina Molina, Lydia Vega, and Reyna Rodriguez (collectively referred to as "Plaintiffs"), on behalf of themselves and all others similarly-situated, bring this action against Defendants E.M.S.P., LLC, Edwin A. Miranda, and Sadia Esther Palacio (sometime collectively referred to as "Defendants"), and respectfully allege as follows:

**INTRODUCTION**

1. Plaintiffs bring this lawsuit as a representative action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), on behalf of themselves and all other similarly-situated current and former employees of Defendants for, *inter alia*, unpaid wages, including minimum wage and overtime liquidated damages, and attorney's fees and costs. Copies of Plaintiffs' written authorizations to sue are attached hereto as "Exhibit A."

## THE PARTIES

2. Plaintiff Jessica Marilu Rosalez Funez is an individual residing in Jefferson Parish, Louisiana and formerly was employed with Defendants as a janitorial employee.

3. Plaintiff Sulma Hernandez is an individual residing in Jefferson Parish, Louisiana and formerly was employed with Defendants as a janitorial employee.

4. Plaintiff Candy Melissa Zamora is an individual residing in Jefferson Parish, Louisiana and formerly was employed with Defendants as a janitorial employee.

5. Plaintiff Julia S. Carbollo is an individual residing in Jefferson Parish, Louisiana and formerly was employed with Defendants as a janitorial employee.

6. Plaintiff Dianna Mejia is an individual residing in Jefferson Parish, Louisiana and formerly was employed with Defendants as a janitorial employee.

7. Plaintiff Dilcia Nunez is an individual residing in Jefferson Parish, Louisiana and formerly was employed with Defendants as a janitorial employee.

8. Plaintiff Karlina Molina is an individual residing in Jefferson Parish, Louisiana and formerly was employed with Defendants as a janitorial employee.

9. Plaintiff Lydia Vega is an individual residing in Jefferson Parish, Louisiana and formerly was employed with Defendants as a janitorial employee.

10. Plaintiff Reyna Rodriguez is an individual residing in Jefferson Parish, Louisiana and formerly was employed with Defendants as a janitorial employee. While working for Defendants, Ms. Rodriguez was paid under the name "Karen Gonzalez."

11. Defendant E.M.S.P., LLC ("EMSP") is a limited liability company organized under the laws of the State of Louisiana and may be served through its registered agent for

service of process: **Edwin A. Miranda, 4512 Beaune Dr., Kenner, LA 70065**. EMSP is an "employer" within the meaning of the FLSA.

12. Defendant Edwin A. Miranda ("Mr. Miranda") is a corporate officer of EMSP and is an "employer" within the meaning of the FLSA.

13. Defendant Sadia Esther Palacio ("Ms. Palacio") is a corporate officer of EMSP and is an "employer" within the meaning of the FLSA.

## JURISDICTION AND VENUE

14. This Court has original jurisdiction pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 because this action involves a federal question under the FLSA.

15. Venue is proper pursuant to 28 U.S.C. § 1391, as a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district, and Defendants are subject to personal jurisdiction in this district.

## FACTUAL ALLEGATIONS

16. Plaintiffs and other similarly-situated workers are predominantly immigrants who do not speak fluent English. Defendants hired and employed Plaintiffs and similarly-situated individuals to work as janitorial employees and to provide services and labor in furtherance of Defendants' janitorial business.

17. Defendants willfully misclassified Plaintiffs and similarly-situated individuals as independent contractors instead of employees when Defendants hired Plaintiffs and similarly-situated individuals to serve as janitorial employees and to provide services and labor in furtherance of Defendants' janitorial business.

18. Defendants employed Plaintiffs and similarly-situated individuals, and paid them $9.50 per hour with no overtime premium.

19. Defendants controlled Plaintiffs' and similarly-situated individuals' employment and directed the daily activities of Plaintiffs and similarly-situated individuals. For example, Defendants did the following with respect to Plaintiffs and other similarly-situated individuals: (i) set the schedules and work hours; (ii) assigned and monitored the work; (iii) supervised and evaluated the work; (iv) determined rates of pay; and iv) made hiring and firing decisions.

20. Defendants required Plaintiffs and similarly-situated individuals to work six (6) or seven (7) days per week. Plaintiffs and similarly-situated individuals regularly worked more than forty (40) hours in a workweek for Defendants, often working eighteen (18) hour days.

21. On average, Defendants required Plaintiffs and similarly-situated individuals to work between eighty (80) and one hundred (100) hours per workweek.

22. When Plaintiffs and similarly-situated individuals worked over forty (40) hours in a week, Defendants still paid them their normal rate of $9.50 per hour. Defendants did **not** pay overtime wages at a rate of one and one half (1.5) the normal hourly rate of pay because they misclassified Plaintiffs and similarly-situated individuals as independent contractors.

23. In January 2015, a lawsuit was filed against Defendants with almost identical allegations as those in the instant case, *i.e.*, misclassification of janitorial workers as independent contractors rather than employees and refusing to pay overtime for hours worked over forty (40) in a workweek. *Sierra, et. al, v. EMSP, LLC*, 2:15-cv-00179-HGB-KWR (E.D. La). Defendants paid two-hundred thousand dollars ($200,000) to settle the claims of the nine workers in the *Sierra* litigation. *Sierra v. E.M.S.P., LLC*, 2015 U.S. Dist. LEXIS 136227 (E.D. La. Oct. 5, 2015).

24. After the lawsuit was filed, Defendants temporarily classified ***some*** of their janitorial workers as employees and paid ***some*** overtime to those workers, but, even then,

Defendants often only paid overtime when the workers worked more than eighty eight (88) or ninety six (96) hours in a two-week period.

25. Remarkably, Defendants continued to classify some of their janitorial workers as independent contractors even after the *Sierra* litigation was filed and continued ***not*** paying them overtime compensation for hours worked over forty (40) in a workweek.

26. Further, Defendants re-classified those janitorial workers who had been temporarily classified as employees back to independent contractors while the *Sierra* litigation was still pending and, once again, stopped paying them overtime compensation for hours worked over forty (40) in a workweek.

27. Plaintiffs have made repeated demands to Defendants for their unpaid wages, but Defendants have refused to pay the compensation owed to Plaintiffs.

28. Defendants' denial of legal wages and overtime compensation to Plaintiffs is, and has been, willful and deliberate.

29. Numerous workers, including Plaintiffs Jessica Marilu Rosales Funez, Julia Carballo, Sulma Hernandez, Marlene Rodriguez, and Candy Melissa Zamora, complained to Defendants about not receiving the overtime and other compensation owed to them, but Defendants still have refused to pay.

30. Defendants retaliated against Plaintiffs Jessica Marilu Rosales Funez, Julia Carballo, Sulma Hernandez , Marlene Rodriguez, and Candy Melissa Zamora, for exercising their rights under the FLSA by, *inter alia*, terminating the employment of Plaintiffs.

31. Mr. Miranda and Ms. Palacio are "employers" under the FLSA and thus individually liable for Plaintiffs' claims because of the allegations noted in Paragraph 19 and also because they: (i) have significant ownership interest in EMSP, LLC; (ii) have operational control

of significant aspects of EMSP's day-to-day functions, including compensation of employees; and (iii) establish and maintain EMSP's employment policies.

**COLLECTIVE ACTION ALLEGATIONS**

32. Plaintiffs bring their claims under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), as a collective action on behalf of themselves and all persons who have worked as janitorial employees and have been misclassified by Defendant as independent contractors from three years preceding the filing of this action and the date of final judgment and who were not paid overtime compensation for all hours worked over forty (40) in a workweek ("the FLSA Collective").

33. Plaintiffs and the FLSA Collective are similarly-situated in that they have substantially similar job requirements and pay provisions, and are subject to Defendants' common practice, policy, or plan of unlawfully misclassifying workers as independent contractors and failing to pay overtime for hours worked in excess of forty (40).

34. Defendants are liable under the FLSA for, *inter alia*, misclassifying Plaintiffs and similarly-situated individuals as independent contractors. The FLSA Collective consists of other similarly-situated individuals who have been misclassified as independent contractors and underpaid by Defendants in violation of the FLSA, and who would benefit from the issuance of Court-supervised notice and the opportunity to join this lawsuit. These similarly-situated individuals are known to Defendants, are readily identifiable, and can be located through Defendants' records.

**FIRST CAUSE OF ACTION**
**(Representative Action for Failure to Pay Overtime Under the FLSA)**

35. Plaintiffs and the FLSA Collective incorporate by reference each and every allegation set forth in the preceding paragraphs as though fully set forth.

36. The FLSA requires employers to pay all non-exempt employees one and one-half times their regular rate of pay for all hours worked over forty (40) in a workweek.

37. Defendants have violated the requirements of the FLSA by engaging in practices that have deprived Plaintiffs and the FLSA Collective of lawful compensation by *inter alia*, misclassifying them as independent contractors and failing to pay overtime compensation for hours worked over forty (40) in a workweek.

38. Defendants' conduct, as alleged, constitutes a willful violation of the FLSA.

39. As a result of Defendants' unlawful conduct, Plaintiffs and the FLSA Collective are entitled to damages equal to the amount of all uncompensated time, including overtime pay, and an award of liquidated damages in an amount equal to the amount of unpaid compensation owed under the FLSA.

40. Plaintiffs and the FLSA Collective also seek reasonable attorney's fees and costs, as provided by the FLSA.

**SECOND CAUSE OF ACTION**
**(Violations of the FLSA's Anti-Retaliation Provision)**

41. Plaintiffs incorporate by reference each and every allegation set forth in the preceding paragraphs as though fully set forth.

42. Plaintiffs Jessica Marilu Rosales Funez, Julia Carballo, Sulma Hernandez, Marlene Rodriguez, and Candy Melissa Zamora complained to Defendants about not receiving the overtime and other compensation owed to them.

43. Defendants retaliated against these five Plaintiffs for exercising their rights under the FLSA as heretofore alleged.

44. As a result of Defendants' unlawful conduct, Plaintiffs are entitled to compensatory damages, lost wages and liquidated damages equal to the lost wages, punitive damages, and other appropriate equitable relief.

45. Plaintiffs also seek reasonable attorney's fees and costs, as provided by the FLSA.

## DEMAND FOR JURY

46. Plaintiffs, on behalf of themselves and the FLSA Collective, hereby demand a trial by jury for all issues in this case.

## PRAYER FOR RELIEF

WHEREFORE, having set forth their Complaint, Plaintiffs, on behalf of themselves and the FLSA Collective, respectfully request that this Court:

(a) Enter a declaratory judgment that the practices complained of herein are unlawful under the FLSA and that Defendants willfully violated the rights of Plaintiffs and the FLSA Collective under the FLSA;

(b) Award Plaintiffs and the FLSA Collective unpaid back wages and liquidated damages equal in amount to the unpaid compensation found due to them under the FLSA;

(c) Award Plaintiffs and the FLSA Collective compensatory damages, attorneys' fees, pre-judgment and post-judgment interest, and costs (including expert witness expenses), all as provided by the FLSA;

(d) Award Plaintiffs Funez, Carballo, Hernandez, Rodriguez, and Zamora, compensatory damages, lost wages, liquidated damages, punitive damages, attorney's fees, interest, and costs for their FLSA retaliation claims; and

(e) Award Plaintiffs and the FLSA Collective any other legal and equitable relief that this Court deems just and proper.

**(Signature line on next page)**

Dated: March 6, 2016

Respectfully Submitted:

**WILLIAMS LITIGATION, L.L.C.**

By: S/ Christopher L. Williams
Christopher L. Williams
La. Bar Roll No. 32269
639 Loyola Ave., Suite 1850
New Orleans, LA 70113
Telephone: 504.308.1438
Fax: 504.308.1446
chris@williamslitigation.com

***Attorney for Plaintiffs***