**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **JESSICA MARILU ROSALEZ FUNEZ, SULMA HERNANDEZ, CANDY MELISSA ZAMORA, JULIA S. CARBALLO, DIANNA MEJIA, DILCIA NUNEZ, KARLINA MOLINA, LYDIA VEGA and REYNA RODRIGUEZ, on behalf of themselves and others similarly situated** | * | **CIVIL ACTION NO.: 2:16-CV-01922** |
| **Plaintiffs,** | * | **SECTION: "H" (4)** |
| **vs.** | * | |
| **E.M.S.P., LLC, EDWIN A. MIRANDA, and SADIA ESTHER PALACIO** | * | |
| **Defendants.** | * | |

---

**DEFENDANTS' OPPOSITION TO MOTION FOR CONDITIONAL CERTIFICATION AND COURT AUTHORIZED NOTICE PURSUANT TO SECTION 216(b) OF THE FLSA**

---

**MAY IT PLEASE THE COURT:**

Defendants, E.M.S.P., LLC, Edwin A. Miranda, and Sadia Esther Palacio (hereinafter sometimes collectively referred to as "Defendants"), respectfully submit this Opposition to the Motion for Conditional Certification and Court Authorized Notice Pursuant to § 216(b) of the FLSA filed by Plaintiffs in the above-captioned matter.

## FACTUAL BACKGROUND

Plaintiffs herein have filed the instant lawsuit against Defendants asserting claims under the FLSA. In particular, Plaintiffs claim that Defendants misclassified them as independent contractors and failed to pay them overtime wages for the hours worked in furtherance of Defendants' janitorial business. However, some, but not all, of the Plaintiffs have also asserted retaliation claims in this same lawsuit. Those Plaintiffs are Jessica Marilu Rosalez Funez, Julia S. Carballo, Sulma Hernandez, Marlene Rodriguez, and Candy Melissa Zamora.

Plaintiffs now request that this Court conditionally certify this matter as a collective action, so that they may provide notice to other individuals and encourage them to collectively pursue wage claims in this litigation. For the reasons that follow, Defendants maintain that these Plaintiffs are not similarly situated to the class of individuals they seek to represent. Moreover, even if this Court finds certification under the circumstances to be appropriate, Notice should be limited to those individuals who performed work at an Ochsner Location, including Ochsner Hospital - Jefferson, Ochsner Hospital - Kenner, and the Brent House (a hotel for patients of Ochsner). Lastly, Defendants take issue with various aspects of the Notice and the miscellaneous relief sought by Plaintiffs, including but not limited to: the request to post signs in the work place, the request for a 90 day opt-in period, as well as the ability to opt-in by an electronic transmission, all of which is addressed in detail below.

## LAW AND ARGUMENT

### I. PLAINTIFFS ARE NOT "SIMILARLY SITUATED" SO AS TO WARRANT CONDITIONAL CLASS CERTIFICATION.

The Fifth Circuit has noted that there are two different tests that have been applied to

determine if Plaintiffs are similarly situated to the class they seek to represent through a collective action. See *Mooney v. Aramco Services Co.,* 54 F.3d. 1207 (5th Cir. 1995). In this regard, the Fifth Circuit in *Mooney* identified the *Lusardi* approach and the *Shushan* approach as methods for determining if the Plaintiffs are in fact "similarly situated." See *Lusardi v. Xerox Corp.* 122 F.R.D. 463, 465 (D.N.J. 1988), and *Shushan v. University of Colorado*, 132 F.R.D. 263 (D.Colo. 1990). In *Basco v. Wal-mart Stores, Inc.*, Judge Duval provided an excellent analysis of the two different approaches:

> Under *Lusardi*, the trial court approaches the "similarly situated" inquiry via a two-step analysis. The first determination is made at the so-called "notice stage." At the notice stage, the district court makes a decision-usually based only on the pleadings and any affidavits which have been submitted-whether notice of the action should be given to potential class members.
>
> Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in "conditional certification" of a representative class. If the district court "conditionally certifies" the class, putative class members are given notice and the opportunity to "opt-in." The action proceeds as a representative action throughout discovery.
>
> . . . .
>
> The second line of cases is typified by *Shushan v. University of Colorado*, 132 F.R.D. 263 (D.Colo. 1990). *Shushan* espouses the view that § 16(B) of the Fair Labor Standards Act (FLSA) merely breathes new life into the so-called "spurious" class action procedure previously eliminated from Fed.R.Civ.P. 23. Building on this foundation, the court determined that Congress did not intend to create a completely separate class action structure for the FLSA and ADEA context, but merely desired to limit the availability of Rule 23 class action relief under either Act. In application, the court determined that Congress intended the "similarly situated" inquiry to be co-extensive with Rule 23 class certification. In other words, the court looks at "numerosity," commonality," "typicality" and "adequacy of representation" to determine whether a class should be certified. 2004 WL 1497709 (E.D. La. 2004).

It is acknowledged by the undersigned that the *Lusardi* approach is the test commonly used by the Eastern District of Louisiana, over the *Shushan* approach. However, although the *Lusardi* approach is more commonly used, the Fifth Circuit has not adopted any of the various approaches for determining whether a Plaintiff is similarly situated to maintain a collective action. See *Case v. Danos and Curole Marine Contractors, LLC,* 2015 WL 1978653 (E.D. La. 2015), citing *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 518 (5th Cir. 2010). ("We have not adopted any of the varying approaches for determining whether employees' claims are sufficiently similarly to support maintenance of a representative action.").

Given the various claims asserted by some, but not all the Plaintiffs herein, Defendants assert that the *Shushan* approach, although not commonly used, is the correct approach to be applied under the facts and circumstances of this case. In the instant matter, five (5) of the twelve (12) named Plaintiffs have also asserted retaliation claims against Defendants. These claims, without question, are personal to those five Plaintiffs and necessarily arise out of facts and circumstances personal to each of them. The five Plaintiffs also seek punitive damages against Defendants, an element of damages not sought (and unavailable) in connection with the overtime wage claims. The retaliation claims brought by a handful of Plaintiffs are certainly not "typical" or "common" to the class of individuals which they now seek to represent, and as such would certainly fail the *Shushan* approach. Moreover, the claims of some of the named Plaintiffs are not even typical of or common to the claims of other named Plaintiffs in this lawsuit, much less the class they seek to represent. Defendants assert that these diverse claims and damages make the *Shushan* approach appropriate in this case.

The difference with the *Lusardi* approach is that it allows the Court to avoid the necessity of taking additional evidence, applies a much more lenient standard, and allows conditional certification to be predicated upon the pleadings and any affidavits submitted by Plaintiffs. See *Basco*, 2004 WL 1497709 at 3. However, even under *Lusardi*, there is a second step in the analysis which is usually initiated through a Motion for Decertification filed by the Defendants once discovery is largely complete and the matter is ready for trial; because "at this stage, the court has much more information on which to base its decision and makes a factual determination on the similarly situated question." *Id.* at 3. Defendants suggest that the *Lusardi* approach should not be used here, as the basis for Defendants' argument appears in the pleadings, and future discovery will have no impact on the specific issue of whether the presence of claims personal to Plaintiffs affect their ability to bring a representative action.[1] Given the fact that Plaintiffs are not similarly situated on the face of their pleadings, this Court should apply the *Shushan* approach, as opposed to applying the second step in the *Lusardi* approach after discovery is complete in this case, only to reach the same result based upon Plaintiffs' pleadings. Applying the *Shushan* approach at this stage of the litigation may avoid the potential waste of judicial time, as well as expenses to the parties who would be required to litigate this matter as a collective action until the completion of discovery.[2] It is clear from Plaintiffs' pleadings that they do not satisfy the *Shushan* approach, and as such conditional certification should be denied.

---

[1] This is not to say that additional grounds will not become apparent through the discovery process.

[2] In the *Basco* case, the Court decided to apply the second step of the *Lusardi* approach at the conditional certification stage, "because the aim of collective actions is to promote judicial economy, and substantial discovery has already been undertaken such that the Court can make an educated decision as to whether certifying this matter as a collective action would survive the decertification process, the ends of judicial economy and require the Court to make the enquiry at this stage." *Id.* at 5.

## II. ALTERNATIVELY, IF THIS COURT DECIDES CONDITIONAL CERTIFICATION IS APPROPRIATE, IT SHOULD BE LIMITED TO THOSE INDIVIDUALS WHO WORKED AT OCHSNER.

In connection with Plaintiffs' request for conditional certification, they have submitted the Declarations of all twelve named Plaintiffs. A review of the Declarations show that all work was allegedly performed at either Ochsner Hospital - Jefferson, Ochsner Hospital - Kenner, or the Brent House[3], or some combination thereof. E.M.S.P., LLC, however, provides janitorial services to a wide variety of customers at multiple locations, other than just servicing Ochsner. It is clear that based upon the supporting Declarations, that all of the alleged violations are claimed to have occurred only at Ochsner facilities. The burden falls upon Plaintiffs to demonstrate that potential class members are similarly situated. In doing so, "plaintiffs must demonstrate a 'factual nexus' between the circumstances giving rise to their claims and the circumstances of those individuals whom plaintiffs seek to notify about this action." *Sherrill v. Sutherland Global Services, Inc.*, 487 F.Supp.2d 344 (W.D. New York 2007). There has been no evidence presented by Plaintiffs to suggest that any alleged violation occurred at any other location outside of the Ochsner facilities.

In *Gayle v. United States*, the Court was faced with a similar issue. 85 Fed.Cl. 72 (U.S. Fed.Cl. 2008). In *Gayle*, the Plaintiff was employed at Northport Veterans Affairs Medical Center, which was one or six Veteran's Affairs' medical centers located in New York. *Id.* at 75. The Department of Veterans' Affairs also operated numerous medical centers throughout the United States. *Id.* The Plaintiff moved for conditional certification of a nationwide collective action under the FLSA. *Id.* In only conditionally certifying the collective action as to those workers at the North Veterans Affairs Medical Center, the court held that:

---

[3] The Brent House is a hotel for patients of Ochsner and is managed by Ochsner.

> Notwithstanding the lenient evidentiary standard applicable to a first step conditional certification of a collection action, plaintiff must offer some credible evidence that other potential plaintiffs are similarly situated. Here, plaintiff has not made the showing necessary to support a nationwide conditional collective action certification. It is axiomatic that in moving for conditional certification on the basis of a company-wide policy, plaintiff must provide an evidentiary basis for the existence of such a policy. In this instance, the only evidence in the record concerns the experiences of Ms. Gayle and her two alleged coworkers at the Northport Veterans Affairs Medical Center. The experience of these three individuals at one Veterans Affairs' medical center is not sufficient to conclude that the agency has a nationwide policy of not paying overtime to per diem nurses' assistants.

Moreover, court's have recognized that giving too lenient an approach at the Notice stage can lead to the employer being burdened by something that is no more than a fishing expedition at the employer's expense. *White vs. Integrated Electronic Section Technologies, Inc.*, 2013 WL 2903070 (E.D. La. 2013). Courts must be conscious of their duty to refrain from encouraging unwanted litigation. *Banegas vs. Cowmar Corp.*, 2015 WL 4730734 (E.D. La. 2015). Since Plaintiffs have failed to provide any evidence that the alleged wrongdoing extends beyond the Ochsner facilities, any conditional certification should be limited to those individuals who worked at the Ochsner facilities.

## III. PLAINTIFFS' NOTICE IS IMPROPER

Defendants object to several provisions of the notice proposed by plaintiffs as being misleading.[4] Thus, if the Court decides to conditionally certify this case as a collective action and facilitate notice, it should first order the parties to meet and confer about revising the wording of the

---

[4] Plaintiffs request to have Notice issued for individuals who worked from E.M.S.P., LLC at any time since March 6, 2013. However, Defendants take the position that the date of March 6, 2013 represents an inappropriate time frame since Plaintiffs seek and "opt-in" collective action.

proposed notice to be sent to potential plaintiffs. *See Mims v. Carrier Corp.*, 2008 WL 906335 (E.D. Tex. 2008).[5] Furthermore, Defendants should not be required to produce the phone numbers and e-mail addresses or other personal information to Plaintiffs and/or their counsel due to the privacy concerns implicit in the requested information. *See Torres v. CSK Auto, Inc.*, No. EP-03-CA-113(KC), 2003 WL 24330020, at *3 (W.D. Tex. 2003) (denying FLSA plaintiffs' request for names, addresses, social security numbers and telephone numbers of putative class members based on privacy concerns).[6] Instead, if conditional certification is granted, Defendants will produce the names and last known addresses for all similarly situated independent contractors and employees from the date this Court determines to the present.

**1. The Notice Should Be Modified.**

Plaintiffs' proposed notice is defective because it fails to describe Defendants' position in this matter. Defendants request that the following paragraph should be added to the notice following the explanation of plaintiffs' allegations:

> E.M.S.P., LLC denies Plaintiffs' allegations. It is E.M.S.P., LLC's position that it has properly classified workers. The FLSA does not require the payment of overtime to independent contractors. E.M.S.P., LLC asserts that it has properly paid Plaintiffs and all other workers, and neither Plaintiffs nor any other independent contractors should be awarded recovery for any alleged unpaid overtime.

**2. Defendants' Counsel Should Be Included In The Notice.**

Plaintiffs' proposed notice improperly invites communications only with Plaintiffs' counsel.

---

[5] *See also Montgomery v. Wal-Mart Stores, Inc.*, 2007 WL 2783348 (S.D. Miss. Sept. 24, 2007); *Jackson v. City of San Antonio*, 220 F.R.D. 55 (W.D. Tex. 2003).

[6] *See also Aguilar v. Complete Landsculpture, Inc.*, No. 3:04-cv-0776-D, 2004 WL 2293842, at *5 (N.D. Tex. 2004); *Humphries v. Stream Int'l, Inc.*, 2004 U.S. Dist. LEXIS 220465 at *12 (N.D. Tex. 2004) (denying plaintiffs' request for potential opt-ins' telephone numbers, dates of birth, and social security numbers due to privacy concerns).

Plaintiffs' proposed notice fails even to state what lawyers represent Defendants. At a minimum, the notice should contain Defendants' counsel's contact information and advise recipients that they may obtain more details by contacting either Plaintiffs' counsel or Defendants' counsel. *See Guzman v. VLM, Inc.*, 2007 U.S. DIST. LEXIS 75817, at *24 (E.D.N.Y. 2007) (finding it appropriate to notify putative plaintiffs that they may seek additional information and to include the defense attorneys' contact information).[7]

**3. The Time Period To Respond Should Be Limited To 30 Days.**

Plaintiffs propose that potential opt-ins should be afforded a period of 90 days within which to opt in the lawsuit after the date on which the notice is mailed. Courts have held, however, that a shorter time period, such as 30 days, is sufficient. *See, e.g. Martinez*, 265 F.R.D at 501; *Greenwald v. Phillips Home Furnishings, Inc.*, No. 4:08CV1128, 2009 U.S. Dist. LEXIS 31985 (E.D. Mo. Apr. 15, 2009); *Williams v. Long*, 585 F. Supp. 2d 679 (D. Md. 2008) (holding that a 30-day opt-in period after receipt of mailed notice was adequate); *DeKeyser v. Thyssenkrupp Waupaca, Inc.*, No. 08-C-488, 2008 U.S. Dist. LEXIS 100189, at *18 (E.D. Wis. Dec. 18, 2008). Accordingly, the opt-in period should be no longer than 30 days (at most 45 days) from the date the notice is mailed. That amount of time is more than sufficient for an individual to make a decision as to whether he or she wants to join this case.

---

[7] *See also, Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F.Supp. 2d 101, 107-08 (S.D.N.Y. 2003); *Fortna v. QC Holdings, Inc.*, 2006 WL 2385303, at *11 (N.D. Okla. 2006) (approving notice directing putative plaintiffs to counsel for the plaintiffs and the defendants); *Gerlach v. Wells Fargo & Co.*, 2006 U.S. Dist. LEXIS 24823, at *14 (N.D. Cal. 2006) (approving a "Further Information" provision in a notice including defendants' counsel's contact information).

### 4. The Notice Should Only Be Distributed Via U.S. Mail, Not By E-Mail, And Should Only Be Distributed Once.

E-mail notice is inappropriate; instead, first class mail ensures the appropriate audience is reached and maximizes the integrity of the notice process. *Karvaly v. eBay, Inc.*, 245 F.R.D.71, 91 (E.D.N.Y. 2007) (noting that email is not "an adequate substitute for the traditional method of notifying prospective class members by first class mail); *Reab v. Elec. Arts, Inc.*, 214 F.R.D. 624, 631 (D. Colo. 2002) ("First class mail ensures, at the outset, that the approximately targeted audience receives the intended notification and maximizes the integrity of the notice process.").[8] Electronic mail creates risks of distortion or misleading notification that are substantially reduced when first-class mail is used. As one court explained:

> Electronic communication inherently has the potential to be copies and forwarded to other people via the internet with commentary that could distort the notice approved by the Court. Electronic mail heightens the risk that the communication will be reproduced to large numbers of people who could compromise the integrity of the notice process. In addition, email messages could be forwarded to nonclass members and posted to internet sites with great ease.

*Reab*, 214 F.R.D. at 230-31.

For these same reasons, the Court should require opt-in Plaintiffs to submit a written copy of their notice instead of merely checking a box on an email or webpage. Requiring putative Plaintiffs to submit a written notice is the most reliable method to ensure integrity of the notice process.

---

[8] *See also, Rubery v. Buth-Na-Bodhaige, Inc.*, 569 F. Supp. 2d 334 (W.D.N.Y. 2008); *Sherril v. Sutherland Global Servs. Inc.*, 487 F. Supp. 2d 344 (W.D.N.Y. 2007); *Clayton v. Velociti, Inc.*, 2009 WL 304190 (D. Kan. 2009).

## IV. OTHER ASPECTS OF RELIEF REQUESTED BY PLAINTIFFS SHOULD ALSO BE DENIED.

Plaintiffs request that Defendants post a Notice at all job sites. However, Plaintiffs fail to recognize that the "job sites" are the facilities of EMSP's customers, and over which Defendants have no control or authority to place Notices. As such, Defendants assert that this request by Plaintiffs be should denied in the event that this Court conditionally certifies the class.

Plaintiffs have also requested that the contact information of potential class members be provided in a usable electronic format such as Excel. Defendants will provide the information that they are ordered by the Court to produce. However, Defendants are unaware of any authority which would allow Plaintiffs to dictate the form in which the information is produced, and require Defendants to create documents to assist Plaintiffs' counsel. Defendants likewise assert that this request by Plaintiffs should be denied in the event that this Court conditionally certifies the class.

## CONCLUSION

For the above reasons, Defendants pray that this Honorable Court deny Plaintiffs' Motion for Conditional Certification and Court Authorized Notice Pursuant to Section 216(b) of the FLSA. Alternatively, Defendants pray that any conditional certification granted by the Court be limited to those individuals who worked at the Ochsner facilities.

Respectfully submitted,

*/s/ Preston L. Hayes*

PRESTON L. HAYES (#29898)
GLENN S. NEWBAUER (#27587)
RYAN P. MONSOUR (#33286)
**CHEHARDY, SHERMAN, WILLIAMS, MURRAY, RECILE, STAKELUM & HAYES, L.L.P.**
One Galleria Blvd., Suite 1100
Metairie, Louisiana 70001
Telephone: (504) 833-5600 / Fax: (504) 833-8080

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of May, 2016, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all non-CM/ECF participants.

*/s/ Preston L. Hayes*
**PRESTON L. HAYES**