## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**JESSICA MARILU ROSALEZ FUNEZ, ET AL**      **CIVIL ACTION**

**VERSUS**                                                          **NO: 16-1922**

**E.M.S.P, LLC, EDWIN A. MIRANDA, ET AL**      **SECTION "H"**

### ORDER AND REASONS

Before the Court is Plaintiffs' Jessica Marilu Rosalez Funez, Sulma Hernandez, Candy Melissa Zamora, Julia S. Carballo, Dianna Mejia, Dilcia Nunez, Karlina Molina, Lydia Vega, and Reyna Rodriguez's Motion to Certify a Collective Action Pursuant to Section 216(b) of the FLSA on behalf of themselves and others similarly situated as well as a request to approve a proposed notice to all putative collective action members. For the following reasons, the Motion is GRANTED IN PART and DEFERRED IN PART.

### BACKGROUND

Plaintiffs allege that they are former employees of Defendant E.M.S.P., LLC. Plaintiffs filed this lawsuit on March 6, 2016 on their behalf and on the behalf of those similarly situated. Plaintiffs seek a collective action under the

1

Fair Labor Standards Act ("FLSA"), alleging that E.M.S.P., LLC misclassified Plaintiffs and those similarly situated as independent contractors and failed to pay appropriate overtime wages.

Plaintiffs ask the Court to conditionally certify a class to proceed as a collective action. Plaintiffs seek certification of a class including:

> All individuals who worked for E.M.S.P., LLC at any time since March 6, 2013 and were classified as independent contractors

In addition to certification, Plaintiffs request: (1) approval of Plaintiffs' written notice to all potential collective action members; (2) an Order requiring Defendants to produce names, last known addresses, e-mail addresses, and telephone numbers of all potential collective action members; (3) a 90 day opt-in period; and (4) that this Court allow the option to execute consent forms on-line through an electronic signature service.

## LEGAL STANDARD

The FLSA allows one or more employees to pursue an action in a representative capacity for "other employees similarly situated."[1] A collective action affords plaintiffs "the advantage of lower individual costs to vindicate rights by the pooling of resources."[2] Efficient resolution in one proceeding of common issues of law and fact benefits the judicial system.[3] The FLSA does not define what it means for employees to be "similarly situated."

Courts have utilized two methods for determining whether plaintiffs are similarly situated, commonly referred to as the *Lusardi* approach and the *Shushan* approach.[4] The Fifth Circuit has not determined whether either

---

[1] 29 U.S.C. §216(b)

[2] *Hoffman-La Roche, Inc. v. Sperling,* 493 U.S. 165, 170 (1989).

[3] *Id.*

[4] *Mooney v. Aramco Services Co.,* 54 F.3d 1207, 1213–14 (5th Cir. 1995), overruled on other grounds by *Desert Palace, Inc. v. Costa,* 539 U.S. 90, 123 (2003).

approach is required; however, the Eastern District of Louisiana has consistently applied the approach first articulated in *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987).[5]  This approach uses a two-step analysis. First, at the "notice stage," the court determines whether notice should be given to potential members of the collective action, "usually based only on the pleadings and any affidavits."[6]  Because the court has little evidence at this stage, "this determination is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class."[7]

The second approach is articulated in *Shushan v. University of Colorado*, 132 F.R.D. 263 (D. Colo. 1990).  Under this approach, a court applies the same "similarly situated" inquiry as applied in Rule 23 class certification. Accordingly, a court looks to "numerosity," "commonality," "typicality," and "adequacy of representation" to determine whether a class should be certified.

Under *Lusardi,* although the standard for certification at the notice stage is lenient, courts generally require "at least substantial allegations that the putative class members were together the victims of a single decision, policy, or plan infected by discrimination."[8]  "Courts determining whether plaintiffs have submitted substantial allegations of a single plan have looked to 'whether potential plaintiffs were identified . . . whether affidavits of potential plaintiffs were submitted . . . and whether evidence of a widespread

---

[5] *See, e.g., Xavier v. Belfor USA Group, Inc.,* 585 F. Supp. 2d 873, 876 (E.D. La. 2008); *Johnson v. Big Lots Stores, Inc.,* 56 F. Supp. 2d 567, 569 (E.D. La. 2008); *Smith v. Offshore Specialty Fabricators, Inc.,* 09-2985, 2009 WL 2046159, at *2 (E.D. La. July 13, 2009).
[6] *Mooney,* 54 F.3d at 1213–14.
[7] *Id.* at 1214.
[8] *Smith,* 2009 WL 2046159, at *2 (quoting *H&R Block, Ltd. v. Housden,* 186 F.R.D. 399, 400 (E.D. Tex. 1999)).

discriminatory plan was submitted.'"[9] If the Court grants conditional certification, the case proceeds as a collective action through discovery.[10]

After discovery, the defendant may move for decertification.[11] At that point, the court decides, with the benefit of considerably more information, whether the employees are similarly situated.[12] At this time, the court makes a factual inquiry into whether plaintiffs are similarly situated.[13] *Lusardi* applies a three-factor test to determine whether plaintiffs and potential members of the collective action are similarly situated. Courts consider: "(1) the extent to which the employment settings of employees are similar or disparate, (2) the extent to which any defenses that an employer might have are common or individuated; and (3) general fairness and procedural considerations."[14]

.

## LAW & ANALYSIS

In their Motion to Certify a Collective Action pursuant to section 216(b) of the FLSA and to Approve a Proposed Notice to All Putative Collective Action Members, Plaintiffs request that this Court (1) conditionally certify this action for purposes of notice and discovery; (2) order that the proposed judicial notice be sent to all Putative Class Members; (3) allow for a 90-day notice period for Putative Class Members to join the case; (4) order Defendants to produce contact information for each Putative Class Member; and (5) to approve the form, content, and delivery method of Plaintiffs' proposed judicial notice.

---

[9] *Id.*
[10] *Mooney,* 54 F.3d at 1213–14.
[11] *Id.*
[12] *Id.*
[13] *Xavier,* 585 F.Supp.2d at 878.
[14] *Johnson,* 561 F.Supp.2d at 573.

Defendants oppose these requests. This Court will consider each of these arguments in turn.

## I.   Conditional Certification for Purposes of Notice and Discovery

Defendants argue that despite this district's consistent use of the *Lusardi* approach, the *Shushan* method is appropriate in this case. Defendants present two arguments in support of this position.   First, Defendants argue that the presence of retaliation claims made by five of the 12 plaintiffs renders the claims diverse, precluding class certification.  Second, they argue that certification should be limited to employees at Ochsner facilities.   These arguments are not persuasive, and the Court declines the invitation to deviate from the *Lusardi* approach.

Five of the twelve named Plaintiffs have also asserted retaliation claims against the Defendants and are seeking punitive damages in connection with those claims. The presence of the additional retaliation claim is not a bar to conditional class certification because Plaintiffs do not have to be identically situated as long as class members are all alleged victims of an alleged policy or practice.[15]  Therefore, this Court, as others in this District have, declines to make an exception to well-established jurisprudence.[16]

Plaintiffs qualify for conditional class certification under the *Lusardi* approach. In support of their contention, Plaintiffs have submitted twelve affidavits along with their pleadings that allege Plaintiffs and Putative Class Members were all misclassified as independent contractors and not paid

---

[15] *Crain v. Helmerich & Payne Int'l Drilling Co.,* 92-0043, 1992 WL 91946, at *2 (E.D. La. April 16, 1992).
[16] *See Valdir Xavier, et al. v. Belfour USA Group, Inc.,* 585 F. Supp.2d 873, 876 (E.D. La. 2008) (declining to depart from the *Lusardi* method for certifying collective actions in this District).

overtime when working more than forty hours per week. Together, this provides a sufficient basis to meet *Lusardi's* lenient "similarly situated" standard for conditional certification.

Defendants contend that class certification should be given only to E.M.S.P., LLC employees who were employed as independent contractors at Ochsner locations. While it is true that Plaintiffs do not present affidavits from anyone employed outside of an Ochsner facility, at this stage of the case that does not prevent certification for those employed outside of Ochsner. The Plaintiffs and Putative Class Members performed similar work, and it is not unreasonable, prior to discovery, to assume that the alleged policy was the same at all locations.[17] Therefore, conditional class certification will not be limited to Ochsner sites at this time; however, the Court may decertify this class if discovery produces no evidence of a company-wide policy that extends beyond the Ochsner locations.[18]

## II.    <u>Judicial Notice and 90-Day Notice Period</u>

Plaintiffs have submitted a proposed notice form to which Defendants have objected. In keeping with precedent and common practice, this Court finds that Plaintiffs and Defendants should meet and confer with regards to the notice form.[19]  If parties are unable to agree on the language of the form they shall each submit their proposal within 20 days of this Order.

---

[17] *See Lima v. International Catastrophe Solutions, Inc.,* 493 F.Supp.2d 793, 799–800 (E.D. La. 2007) (holding that production of affidavits solely from class members employed by one sub-contractor was not a bar to conditional certification for those employed by the same company through different sub-contractors)
[18] *Id.*
[19] *See e.g., White v. Integrated Electronic Section Technologies, INC., et al.,* 11-2186, 12-359, 2013 WL 2903070, at *9 (E.D. La. June 13, 2013).

Plaintiffs request a 90 day time period after distribution of the notices for interested Putative Class Members to file their consents with the Court. Defendants have opposed this and contend that 30 days, or at the most 45, is a sufficient time period. In similar situations involving Putative Class Members, many of whom are Spanish speaking and many of whom may have moved, courts have allowed a 90-day opt-in period.[20]  Additionally, courts have previously held that a 90-day opt-in period is not prejudicial to the defense.[21] Therefore, a 90-day opt-in period is appropriate.

## III.   <u>Production of Contact Information and Delivery Methods</u>

Counsel for Plaintiffs and Putative Class Members request that this Court order Defendants to provide the names, current or last known addresses, e-mail addresses, and phone numbers for current and former employees fitting the description of the conditionally certified class. Defendants agree that if conditional certification is granted they will produce the names and last known addresses for similarly situated independent contractors and employees.  They object, however, to the production of phone numbers and e-mail address due to privacy concerns. While this Court understands the need to protect privacy, in cases such as this, the production of e-mail addresses is common practice and Defendants are ordered to produce them.[22]  This Court does not find that phone numbers are necessary for notice at this conditional certification stage.[23]

---

[20] *See Lopez v. Hall Collums Construction, LLC,* 15-4113, 2015 WL 7302243, at *2, 7 (E.D. La. November 18, 2015).
[21] *Lima,* 493 F.Supp.2d at 804.
[22] *See, e.g., White,* 2013 WL 2903070, at *9.
[23] *See Prejean,* 2013 WL 5960674, at *10.

Plaintiffs request that Putative Class Members be allowed the option to execute their consent forms on-line through an electronic signature service. Defendants oppose the use of electronic signatures, asserting that written notice is the most reliable method to ensure integrity of the notice process. Allowing electronic signature service is supported by precedent in this Circuit, and this Court sees no reason to depart from this.[24]

Accordingly, potential class members may opt in to this collective action if: (1) they have mailed, faxed, or emailed their consent form to counsel for the class within 90 days after the notice and consent forms have been mailed out to the class; or (2) they show good cause for any delay.

## CONCLUSION

Plaintiffs' Complaint is conditionally certified to proceed as a collective action, defining the following class:

> All individuals who worked for E.M.S.P., LLC at any time since March 6, 2013 and were classified as independent contractors

Defendants shall provide Plaintiffs with the names, current or last known addresses, and e-mail addresses of potential collective action plaintiffs within twenty days of the filing of this Order.

Parties shall meet and confer upon the notice and consent form to potential opt-in plaintiffs. Within twenty days of the entry of this Order and prior to distributing notice to potential opt-in plaintiffs, the parties shall submit a joint proposed notice to the Court along with an appropriate motion for the adoption of such notice. If the parties are unable to agree on a joint

---

[24] *See White,* 2013 WL 2903070, at *9 (collecting cases).

proposed notice, Plaintiffs and Defendants shall each submit their proposal to the Court within twenty days of this Order.

New Orleans, this 24th day of August, 2016.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**