UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JESSICA MARILU ROSALEZ FUNEZ, ET AL | CIVIL ACTION |
| VERSUS | NO:    16-1922 |
| E.M.S.P., LLC, ET AL | SECTION: "H" (4) |

## ORDER

Before the Court is a **Motion to Compel Discovery (R. Doc. 21)** filed by Plaintiffs seeking an order from the Court to compel Defendant to provide more complete responses to its written discovery, provide a privilege log, and remove certain objections. The motion is opposed. R. Doc. 25. The motion will be heard on August 17, 2016.

## I.     Background

This collective action was filed in the District Court on March 6, 2016 under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") R. Doc. 1. In particular, the Plaintiffs allege that they and similarly situated workers who were predominantly immigrants who do not speak fluent English were hired by the Defendants' janitorial service. *Id.* at p. 3. Plaintiffs allege that they were not paid overtime despite working more than forty hours per week and often more than eighteen hours a day. *Id.* at p. 3-4. Plaintiffs also allege that the Defendants terminated some of the plaintiffs in retaliation for an earlier litigation brought under the FLSA.

At this time, Plaintiffs state that on June 10, 2016 they served Defendants with Requests for Production and Interrogatories. R. Doc. 21-1, p. 1. Plaintiffs further state that Defendants responded to the Requests for Production of Documents on August 11, 2016, but have not responded to the Interrogatories. *Id.* Given the perceived problems with the responses to the requests for production and the lack of a response to the Interrogatories, the Plaintiffs filed the instant motion. Plaintiffs seek to compel Defendant to provide a privilege log, remove boilerplate

1

objections, answer Plaintiffs' interrogatories, and remove objections based on legal conclusions and/or confidentiality. In response, the Defendants argue that it did not receive the interrogatories until August 23, 2016. R. Doc. 25, p. 1. Moreover, the Defendants argue that it has properly responded to the requests for production and properly withheld confidential or proprietary information.

## II.    Standard of Review

Discovery of documents, electronically stored information, and things is governed by Federal Rule of Civil Procedure 34. Rule 34 allows a party to request the production of "any designated documents or electronically stored information" or "any tangible things." *Id.* Similarly, Rule 33 allows a party to serve another party written interrogatories which "must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). Both Rule 33 and 34 allow a party to ask interrogatories and request production to the extent of Rule 26(b). Fed. R. Civ. P. 33(a)(2); 34(a).

Federal Rule of Civil Procedure ("Rule") 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. . . . ." Rule 26(b)(1) specifies that "[i]nformation within the scope of discovery need not be admissible in evidence to be discovered." Rule 26(b)(1) also specifies that discovery must be "proportional to the needs of the case, considering the important of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Id.

Under Rule 26(b)(2)(C), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less

burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the discovery sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit.

Federal Rule of Civil Procedure 37 provides sanctions for failure to cooperate in discovery. Rule 37(a) allows a party in certain circumstances to move for an order compelling discovery from another party. In particular, Rule 37(a)(3)(b)(iii)-(iv) allows a party seeking discovery to move for an order compelling an answer or production of documents where a party "fails to answer an interrogatory" or "fails to produce documents." An "evasive or incomplete" answer or production is treated the same as a complete failure to answer or produce. Fed. R. Civ. P. 37(a)(4).

In addition to alleging that the responding party has failed to properly cooperate with discovery, a motion to compel under Rule 37(a) must also "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 31(a)(1).

## III.   Analysis

Plaintiffs have filed a motion to compel the Defendants to more fully and completely respond to its discovery requests. Note, the Plaintiffs have provided a 37(a) certification.  R. Doc. 21-4, p. 1. During oral arguments, the Parties narrowed the issues down to four areas: (1) boiler plate objections; (2) the method of production of responsive documents; (3) the request for production of tax returns; and (4) the production of the franchise agreement. While the Parties did not raise the issue of the non-responsive interrogatories, the Court will also address that issue. Moreover, the Court was informed that the privilege issue was mooted by the Defendant providing the Plaintiff with a privilege log.

## A.  Interrogatories

Plaintiffs state that they have not received answers to interrogatories served on June 10, 2016. R. Doc. 21-1, p. 1. Defendants argue that those requests were not received until August 23, 2016. R. Doc. 25, p. 1. Here, if the Plaintiffs are correct, the motion to compel should be granted under Federal Rule of Civil Procedure 37(a) because the Defendants would have clearly failed to respond to a discovery request. However, the Defendants have provided an email chain between the Defendants and the Plaintiffs which seems to demonstrate that there was some miscommunication and the interrogatories might not have been served until August. R. Doc. 25-1. Given that a discovery deadline has not been set at this time, it would not prejudice to the Plaintiffs to allow the Defendants thirty days from August 23, 2016 to reply to the requests. As such, the Court will deny the motion to compel at this time.

## B. Boilerplate Objections

Defendants' responses to the requests for production do make a number of general objections. As the Court in *Weems v. Hodnett,* 2011 WL 3100554, at *1 (W.D.La. July 25, 2011) stated:

> General objections such as the ones asserted by Plaintiff are meaningless and constitute a waste of time for opposing counsel and the court. In the face of such objections, it is impossible to know whether information has been withheld and, if so, why. This is particularly true in cases like this where multiple "general objections" are incorporated into many of the responses with no attempt to show the application of each objection to the particular request.

As such, the Defendants' use of general objections is improper. The Court will strike the general objections found in the responses to requests for production. R. Doc. 21-2.[1]

---

[1] In particular, the Defendants' objection in almost all of the responses is some variation of: "This request is over broad, premature, unduly burdensome, and excessively onerous." R. Doc. 21-2.

**C. Requests for Production Nos. 2-8, 12-16, 18 and 26**

In response to Plaintiffs Request for Production Nos. 2-8, 12-16, 18 and 26, Defendants have referred Plaintiffs to documents bate stamped "E.M.S.P.- 000001 to E.M.S.P. 001441." R. Doc. 25, p. 6. Plaintiff objects that these responses are overbroad and essentially non-responsive. R. Doc. 21-1, p. 11-12. Defendants argue that the number of documents is not unreasonable that the internal documents have been labeled. R. Doc. 25, p. 3.

Federal Rule of Civil Procedure 37(a)(4) states that and evasive answer is treated the same as not responding to the request. Here, by dumping more than one thousand documents on the Plaintiffs, the Defendants have not properly responded to the individual requests for production. Rather, the Defendants should have attempted to identify which documents were responsive to which requests. For example, Request for Production No. 8 seeks "All documents describing the scope of responsibilities and reporting relationships of the persons described in Request No. 7." R. Doc. 21-2. It is hard to imagine that all 1441 pages are responsive to this request. As such, the Court will order the Defendants to supplement their responses by identifying what documents are responsive to each request.

**D.  Request for Production No. 23**

Request for Production No. 23 asks for the production of "federal and state tax returns of Defendant, including all schedules and attachments for the years 2013, 2014, and 2015." R. Doc. 21-2, p. 11. Plaintiffs argue that the request is relevant to establishing whether Defendants meet the $500,000 threshold in gross revenue under the FLSA. R. Doc. 21-1, p. 11. Defendants argue that there is no need for discovery into the tax returns given their highly sensitive nature and that they have not raised the threshold as an issue at this point. R. Doc. 25, p. 3. Moreover, Defendants argue that there are other less intrusive means for Plaintiffs to obtain the information they seek. *Id.*

During oral arguments, the Parties agreed that discovery of the tax returns would be unnecessary because the Defendants stated they would admit to being over the $500,000 threshold in a request for admission if presented with one. The Court agrees with this arrangement. *See, Evans Cooperage Co. v. Quincy Soybean Co.*, No. 88-5336, 1989 WL 159360 (E.D. La. Dec. 14, 1989) ("Generally, tax returns are only discoverable if the information sought by their production cannot not be obtained in any other way.").

### E. Request for Production No. 21 and 22

Finally, Plaintiffs' Request for Production Nos. 21 and 22 seek "all contracts or franchise agreements between Defendant and Jani-King. . .[and] all documents between Defendant and Jani-King concerning the classification of those providing janitorial services and independent contractors" R. Doc. 21-2, p. 11. In response, the Defendants state—in addition to the boilerplate objection—an objection because it seeks proprietary and/or trade secret information. *Id.* The Plaintiffs argue that confidentiality is not a proper basis for objecting to a discovery request. Moreover, the Plaintiffs stated in oral arguments that the agreement might be relevant to the classification of independent contractors compared to employees. The Defendants argue that they are entitled to protection from producing those documents under Rule 26(c)(1).

During oral arguments, the Court ordered the Defendants to produce any responsive documents to Request for Production Nos. 21 and 22 by Wednesday, September 28, 2016 for the Court to conduct an *in camera* review to determine the relevancy of those documents and/or potential confidential or trade secret information that those documents might contain.

**IV.     Conclusion**

Accordingly,

**IT IS ORDERED** that **Motion to Compel Discovery Responses (R. Doc. 87)** is **GRANTED IN PART, DENIED IN PART, AND TAKEN UNDER SUBMISSION IN PART.**

**IT IS FURTHER ORDERED** that the Plaintiffs' request to strike Defendants' boilerplate objections is **GRANTED.**

**IT IS FURTHER ORDERED** that the Plaintiffs' request for Defendant to provide more definite discovery responses is **GRANTED.** Defendants are to supplement their responses by identifying what documents are responsive to each request it has provided a responsive document.

**IT IS FURTHER ORDERED** that the Plaintiff's request to compel the Defendants' response to its interrogatories is **DENIED.**

**IT IS FURTHER ORDERED** that the Defendant produce to the Court any responsive documents to Request for Production Nos. 21 and 22 no later than Wednesday, September 28, 2016 for *in camera* review.

New Orleans, Louisiana, this 23rd day of September 2016.

KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE