UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JESSICA MARILU ROSALEZ FUNEZ, SULMA HERNANDEZ, CANDY MELISA ZAMORA, JULIA S. CARBALLO, DIANNA MEJIA, DILCIA NUNEZ, KARLINA MOLINA, LYDIA VEGA and REYNA RODRIGUEZ, on behalf of themselves and others similarly-situated** | **CIVIL ACTION NO: 16-01922** |
| **VERSUS** | **SECTION: "H" (4)** |
| **EBM, ET AL.** | |

# REPORT AND RECOMMENDATION

Before the Court is **Plaintiffs' Motion for Attorney's Fees and Costs (R. Doc. 108).** The defendants filed an Opposition to the Motion (R. Doc. 111). The plaintiffs filed a Reply to Response (R. Doc.118) and defendants responded with a Supplemental Memorandum (R. Doc. 120). Lastly, the plaintiffs' filed a Supplemental Brief to their motion (R. Doc. 124). The matter was considered on the briefs.

On June 29, 2018 the motion for attorney's fees was referred to the undersigned, to determine the appropriate amount and submit proposed findings and recommendation for disposition pursuant to Title 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A, and as applicable, Title 42 U.S.C. § 1997e(c)(1) and (2).

## I.  Factual Summary

This overtime wage lawsuit was filed on March 6, 2016 by Plaintiffs and similarly-situated individuals as independent contractors under the FLSA, which alleged the defendants violated the overtime compensation requirements of the Fair Labor Standards Act. The plaintiffs alleged that the the defendants owed them overtime compensation for hours worked in excess of forty hours in any given week, going back three years from the date of the lawsuit. The plaintiffs sought unpaid

overtime compensation, past and future wages, liquidated damages, costs and attorney's fees. (R. Doc. 1.)

The claim settled on July 20, 2017 which provided for payments in six installments over a six month period. (R. Doc. 108-1)  As part of the settlement, the plaintiffs were allotted up to six months to cash their checks rather than 90 days due to issues/delays with defendants allegedly paying the settlement funds.  (Id.)  The settlement provided a total of $ 97,500.00 (excluding attorney's fees and costs) to the plaintiffs.  Now, plaintiffs seek a total of $102,860 in legal fees and $3,537.49 in reimbursable costs incurred in the litigation.  Plaintiffs' counsel further contends that their hourly rate of $300 for attorney Christopher Williams and $350 for Michael Tusa are reasonable.

The Defendants oppose the motion. The defendants contend that there was nothing novel, complex or new to plaintiffs' counsel in this case and that plaintiffs' counsel used *Sierra et al v. EMSP,* Civil Action No. 15-00179, HGB-KWR, (E.D. La) Rec. doc. 33, which the fee award was based upon a percentage and not billable hour. As a result, the defendants contend that a percentage award determination is appropriate in this case.

The defendants further contend that out of the 43 plaintiffs who opted in, one-half of them could not demonstrate any overtime claim pursuant to plaintiffs' counsels' methodology, which resulted in the plaintiffs' counsel withdrawal as to 21 opted in plaintiffs. The defendants also point out that there was a complete dismissal as part of the settlement of any anti-retaliation claims brought in this case.   Having set forth the position of the parties, the Court will proceed with its review of the matter.

## II.    **Standard of Review**

The Supreme Court has indicated that the "lodestar" calculation is the "most useful starting

point" for determining the award of attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar equals "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id*. The lodestar is presumed to yield a reasonable fee. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). After determining the lodestar, the Court must then consider the applicability and weight of the twelve factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).[1] The Court can make upward or downward adjustments to the lodestar figure if the *Johnson* factors warrant such modifications. *See Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). However, the lodestar should be modified only in exceptional cases. *Id.*

After the calculation of the lodestar, the burden then shifts to the party opposing the fee to contest the reasonableness of the hourly rate requested or the reasonableness of the hours expended "by affidavit or brief with sufficient specificity to give fee applicants notice" of the objections. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990).

## III. Analysis

### A. Attorney Fee Method

The defendants contend that the Court should use the percentage recovery method of determining the reasonableness of fees in class actions to double check the fee. The defendants contend that the amount sought by the plaintiffs' counsel amount to more than 100% of the gross

---

[1] The twelve *Johnson* factors are: (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson*, 488 F.2d at 717-19.

settlement award of $97,500. The defendants further contend that if the Court grants the amount without reduction, the award will be out of step with other awards in this district. (R. doc. 111).

The plaintiffs' counsel in contrast, contends that the Court should apply the lodestar method because it is black-letter law in this Circuit and this is the method utilized for determining the reasonableness of attorney's fees in a FLSA case. (R. doc. 118). Plaintiffs' counsel also point out that the same defense counsel was involved in a FLSA case in the fall of 2017 in which the court applied the lodestar method. *Esparza v. Kostmayer Constr., LLC No. 15-4644,* 2017 U.S. Dist. LEXIS 171060, at. *17-18 (E.D. La. Sep. 26, 2017) (applying the lodestar analysis and awarding $40,860 in attorney's fees when the plaintiffs' recovery was $8,992.20*) report and recommendation adopted by* 2017 U.S. Dist. LEXIS 169630 (E.D. La. Oc. 13, 2017).

In considering this issue, it is axiomatic that the lodestar method applies to the determination of reasonable attorney's fees in a FLSA case. Further, defendants are well aware that the submission of the fee request alone is the first step in the consideration of determining whether the application is reasonable. The Court further notes that the case relied upon by the defendants conflates the issue. In *Lackey* the plaintiff's counsel had a 40% contingency fee agreement. While the Court noted that it was higher than the percentages allowed by most courts, according to Judge Milazzo it was appropriate in that case given is complexity and longevity. *See Lakey v. SDT Waste and Debris Services, LLC* 2014 WL 4809535 (E.D. La. Sept. 26, 2014).

While the defendants contend that this case is a replica of *Sierra* as support for the proposition proposition that the work done was excessive, the Court notes that the matter was contested despite the defendants experience in the earlier case and there is no evidence that their method of doing business changed as a result of the *Sierra* case. The Court rejects the defendants' proposition that a

percentage or contingency should be used as the method of determination as there is no evidence that a contingency agreement was signed by the plaintiffs and the applicable law supports the usage of the lodestar method.

### B. Reasonableness of the Hourly Rates

Plaintiffs seek to recover the attorney's fees for the work of Christopher L. Williams and Michael T Tusa, Jr. According to the plaintiffs, attorneys Christopher Williams and Michael Tusa both have substantial experience in labor and employment matters, particularly FLSA collective action matters. They each seek a rate of $300 and $350 per hour, respectively. They also seek a rate of $100 per hour for their paralegal with ten years' experience, Ms. Deborah Rosenberger.

The defendants contend that a reasonable hourly rate for a lawyer with the skills and limited experience of plaintiffs' counsel is $200 or $250 per hour. The defendants' support their position by relying upon two cases in this district decided in 2016. (R. doc. 111.) The defendants do not mention anything regarding the reasonableness of Rosenberger's rate.

#### 1. Rosenberger Reasonable Rate

At the outset, the Court will address the hourly rate of the paralegal Deborah Rosenberger who has more than ten years of experience. The defendants do not contest the hourly rate of the paralegal of $100 per hour. When that rate is not contested, it is *prima facie* reasonable." *La. Power & Light. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). *See also Altier v. Worley Catastrophe Response, LLC* 2012 WL 161824 (E.D.La. Jan. 18, 2012) (where the court approved paralegal hourly rate of $105 per hour). Ms. Rosenberger's rate of $100 is therefore reasonable.

#### 2. Williams and Tusa Reasonable Rate

Williams is a 2003 graduate of Tulane University where he was inducted in to the Order of

the Coif and graduated *magna cum laude* honors. (R. doc. 108-3.) His practice is focused on complex employment matters including hourly wage violations, retaliations, whistleblower claims and non-compete clauses. (Id.)

Tusa is a 1993 graduate of LSU law school. Since graduating he has practiced law at various firms with emphasis in collective actions. (R. doc. 108-2.) He has worked as a member of the adjunct faculty for three area schools and has been designated as one of the "Best Lawyers in America from 2005-20017". Id.

Attorney's fees must be calculated at the "prevailing market rates in the relevant community" for similar services by attorneys of reasonably comparable skills, experience, and reputation. *Blum v. Stenson*, 465 U.S. 886, 895 (1984). The applicant bears the burden of producing satisfactory evidence that the requested rate is aligned with prevailing market rates. *See NAACP v. City of Evergreen,* 812 F.2d 1332, 1338 (11th Cir. 1987). Satisfactory evidence of the reasonableness of the rate necessarily includes an affidavit of the attorney performing the work and information of rates actually billed and paid in similar lawsuits. *Blum*, 465 U.S. at 896 n.11. However, mere testimony that a given fee is reasonable is not satisfactory evidence of a market rate. *See Hensley*, 461 U.S. at 439 n.15.

Rates may be adduced through direct or opinion evidence as to what local attorneys charge under similar circumstances. The weight to be given to the opinion evidence is affected by the detail contained in the testimony on matters such as similarity of skill, reputation, experience, similarity of case and client, and breadth of the sample of which the expert has knowledge. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988); *see also White v. Imperial Adjustment Corp.*, No. 99-03804, 2005 WL 1578810, at *8 (E.D. La. Jun. 28, 2005) (recognizing that attorneys customarily charge their highest rates only for trial work, and lower rates should be charged

for routine work requiring less extraordinary skill and experience).

Where an attorney's customary billing rate is the rate at which the attorney requests the lodestar to be computed and that rate is within the range of prevailing market rates, the court should consider this rate when fixing the hourly rate to be allowed. When that rate is not contested, it is *prima facie* reasonable." *La. Power & Light*, 50 F.3d at 328.

Satisfactory evidence of the reasonableness of the rate, at a minimum, is more than the affidavit of the attorney performing the work. *Norman*, 836 F.2d at 1299 (citing *Blum,* 465 U.S. at 896 n .11). It must also speak to rates actually billed and paid in similar lawsuits. Thus, mere testimony that a given fee is reasonable is not satisfactory evidence of market rates. *See Hensley,* 461 U.S. at 439 n. 15. Having considered the affidavit submitted by the mover, the Court finds that it is not adequate because it does not speak to the rates actually billed and paid in similar lawsuits. However, this does not end the inquiry. The Court will proceed to look at the market rate for the New Orleans area given the years of experience of the billing attorneys.

The Court notes that defendants reference *Sierra*, although for a different proposition. Reviewing the opinion of Judge Berrigan, the Court observes that she approved a rate of $300 per hour for Williams in 2015, noting that it was on the higher end of a reasonable range. Instead of relying on *Sierra* for reasonableness of the rate sought by Williams, the defendants point this court to a 2016 opinion involving a different lawyer who years of experienced are not referenced in the opinion but who sought an hourly rate of $250 per hour. *See Banegas v. Calmar Corporation* 2016 WL 6276779 (E.D. La. 2016). The Court finds that rate of $300 per hour for Williams is reasonable.

Tusa seeks a rate of $350 per hour and the defendants indicate that its review of the

jurisprudence suggests that $300 is the higher end of reasonable rates for attorneys in FLSA cases in this district. (Rec. doc. 111.) Tusa relies upon *Altier v. Worley Catastrophe Response, LLC*, 20122012 WL 161824 (E.D.La. Jan 18, 2012) for the proposition that hourly rates as high as $400 per hour have been approved for partner level attorneys with substantial experience in FLSA collective actions. The Court notes that in *Altier,* Judge Wilkinson approved rates based upon years of experience ranging from $150, $300, $350 and the highest at $400 per hour. Likewise, Judge Vance approved an hourly rate of $350 per hour in February 2015 for a partner level attorney in *DirecTV, LLC v. Ertem*, 2015 WL 459398 (E.D. La. Feb. 3, 2015). After considering the prevailing rates in this market, the Court finds that a rate of $350 per hour for Tusa is reasonable.

### C. **Determining the Reasonable Hours Expended**

To determine the number of hours reasonably expended on a case, a plaintiff must show that billing judgment was exercised. *Green v. Adm'rs of the Tulane Educ. Fund,* 284 F.3d 642, 662 (5th Cir. 2002) (citing *Walker v. Dep't of Housing & Urban Dev.,* 99 F.3d 761, 769 (5th Cir. 1996)). Attorneys must exercise "billing judgment" by "writing off unproductive, excessive, or redundant hours" when seeking fee awards. *Id.* (citing *Walker v. United States Dep't of Housing & Urban Dev.,* 99 F.3d 761, 769 (5th Cir. 1996)). The fee seeker's attorneys are "charged with the burden of showing the reasonableness of the hours they bill and, accordingly, are charged with proving that they exercised billing judgment." *Walker,* 99 F.3d at 770.

#### 1. **Billing Judgment**

In this case, Williams in an effort to demonstrate billing judgement said that he discounted his fee request to 75,000. However, he did not expressly state which of the hours he decided to write off. Instead, he discounted his fee request to $75,000 from $83,072.00, which is a 9% reduction. Regarding the paralegal, Williams discounted her billing by 50% from $5,740.00 to $2,870.00. However, the plaintiff has failed to exercise adequate billing judgment because Williams failed to

document the hours that were excluded from the application because they were unproductive, excessive, or redundant.

"Billing judgment requires documentation of the hours charged and of the hours written off as unproductive, excessive, or redundant." Id. "All 'excessive, duplicative, or inadequately documented' time should be eliminated from an attorney's fee award." *Leonard v. Louisiana*, No. 07-813, 2013 WL 3558291, at *3 (W.D. La. July 10, 2013) (quoting *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993)). "The hours surviving this vetting process are those reasonably expended on the litigation." *Id.* "Ideally, billing judgment is reflected in the fee application, showing not only hours claimed, but also hours written off." *Alberti v. Klevenhagen*, 896 F.2d 927, 930 (5th Cir. 1990). As a result of the lack of documentation of hours written off, Williams blanket 9% reduction of hours renders his attempt to exercise billing judgment inadequate. The Court will proceed with its review of the billing entries.

### 2. **<u>Administrative Tasks</u>**

To recover for paralegal fees, the services rendered by the paralegal must be legal in nature, or work traditionally performed by an attorney. *Jones v. Armstrong Cork Co.*, 630 F.2d 324, 325, n. 1 (5th Cir. 1980). Work that is legal in nature includes factual investigation, locating and interviewing witnesses, assisting in discovery, compiling statistical and financial data, checking legal citations, and drafting correspondence. *Missouri v. Jenkins*, 491 U.S. 274, 288 (1989). Legal activities undertaken by paralegals must be distinguished from activities that are clerical or secretarial in nature, including typing, copying, or delivering pleadings. Id. Clerical and secretarial tasks cannot be billed at paralegal rates. Id.

Deborah Rosenberger, the paralegal working on this file engaged in very little traditional

paralegal duties. The bulk of her billing entries was for the downloading of the pleadings filed in the the record, printing documents and mailing correspondences which are administrative in nature and total 41.9 hours. As a result, the total amount of reasonable billable hours for Rosenberger is 15.5[2]

### 3. <u>Blocked Billing</u>

The fee application submitted by Williams contains some entries that are viewed as "block billing." This term can be defined as the time-keeping method by which an attorney lumps together the total daily time spent working on a case, rather than itemizing the time expended on specific tasks. *Robinson v. City of Edmond*, 160 F.3d 1275, 1283 n.9 (10th Cir. 1998). "This practice can make it impossible for the court to determine the reasonableness of the hours spent on each task." *Canon U.S.A., Inc. v. S.A.M., Inc.*, No. 07-1201, 2009 WL 35334, at *4 (E.D. La. Jan. 6, 2009); *See also Gulf Coast Facilities Management, LLC v. BG LNG Services, LLC*, No. 09-3822, 2010 WL 2773208, at *8-*9 (E.D. La. July 13, 2010). While block billing creates impediments to the analysis of the attorney's fee bill, the Supreme Court has indicated that it is not a basis for refusing to award attorney's fees. *Hensley*, 461 U.S. at 437, n.12. The method most often used to compensate for block billing is a flat reduction of a specific percentage from the award. *See, e.g., Canon*, 2009 WL 35334, at *5 (citing cases).

The Court notes that the invoices indicate that Williams seeks compensation for 259.60 hours and Tusa seeks 71.40 hours, both containing evidence of block billing. Because these entries cannot be segregated, the Court finds that the appropriate resolution is to decrease the total entries which block billing occurred by a percentage. In this case, the Court finds that a reduction of 35% is appropriate for the "block billed" entries for both attorneys. *See, e.g., Verizon Business Global LLC*

---

[2] 12/28/15 (2.0), 3/9/16 (.5), 4/5/16 (.5), 4/11/16 (1.5), 4/25/16 (.5), 10/20/16 (.5), 10/24/16 (.5), 10/27/16 (.5), 10/28/16 (.5), 11/7/16 (.5), 11/10/16 (.5), 11/18/16 (.5), 11/22/16 (.5), 11/29/16 (.5), 9/28/17 (2.0), 10/17/17 (4.0)

*v. Hagan*, No. 07-0415, 2010 WL 5056021, at *5 (E.D. La. Oct. 22, 2010) (citing cases showing that reductions for block billing between 15% and 35% have been found reasonable), *vacated on other grounds*, 467 F. App'x 312, 2012 WL 1414448 (5th Cir. Apr. 24, 2012). The total number of blocked billed hours by Williams equal 52.4 hours[3] and Tusa 18.9 hours[4]. The reasonable hours for the entries by Williams from these hours equal 34.06 hours and 12.29 hours, respectively.

### 4. <u>Vagueness</u>

It is well settled that supporting documentation for attorney's fees must be of sufficient detail and probative value to enable the court to "determine with a high degree of certainty" that the billing is reasonable. *Miss. State Chapter Operation Push v. Mabus*, 788 F.Supp. 1406, 1416. (N.D. Miss. 1406); *See League of United Latin American Citizens No. 4552 v. Roscoe ISD*, 119 F.3d 1228 (5th Cir. 1997) (noting that litigants "take their chances" when submitting vague fee applications). Descriptions such as "legal issues", "conference re: all aspects" and "call re: status" are vague descriptions. *In re Donovan,* 877 F.2d 982, 995 (D.C. Cir. 1989); *Lalla v. City of New Orleans,* 161 F.Supp.2d 686, 706 (E.D. La. 2001). After reviewing the time records, the Court concludes that it contains entries that are too vague to merit an award.

Christopher Williams' entries include a few matters that are vague. For example, the entry dated December 21, 2015 only identifies that he had telephone conferences with "potential clients"

---

[3] 12/27/15 (3.6 hrs.),1/07/16 (2.3 hrs.), 1/13/16 (1.9 hrs.), 2/13/16 (6.2 hrs.), 02/15/16 (.7 hrs.), 02/24/16 (1.1 hrs.), 02/25/16 (1.4 hrs.), 03/04/16 (3.3 hrs.), 03/06/16 (1.7 hrs.), 03/09/16 (.7 hrs.), 03/31/16 (.6 hrs.), 04/05/16 (1.1 hrs.), 04/06/16 (2.5 hrs.), 04/11/16 (2.4 hrs.), 04/12/16 (.7 hrs.), 05/09/16 (1.4 hrs.), 05/10/16 (2.7 hrs.) 05/26/16 (5.1 hrs.) 05/27/16 (2.7 hrs.)09/11/16 (1.7 hrs.), 03/21/17(1.3 hrs.), 06/9/17 (2.9 hrs.), 06/30/17 (1.7 hrs.), 7/5/17 (1.2), 07/12/17 (2.3 hrs.)07/19/17 (.5 hrs.).

[4] 03/05/16 (.40 hrs.), 03/09/16 (.80 hrs.), 03/10/16 (.40 hrs.), 3/14/16 (.20), 04/13/16 (.30 hrs.), 05/09/16 (.30 hrs.), 05/25/16 (.40 hrs.), 05/27/16 (.30 hrs.), 06/01/16 (.40 hrs.), 06/02/16 (.40 hrs.), 06/20/16 (.70 hrs.), 08/15/16 (.40 hrs.), 08/23/16 (.80 hrs.), 08/24/16 (.80 hrs.), 08/25/16 (.50), 08/29/16 (.80 hrs.), 09/08/16 (.50 hrs.), 09/09/16 (.20 hrs.), 09/12/16 (.40 hrs.), 09/30/16 (.30 hrs.), 10/10/16 (.20 hrs.), 10/19/16 (.50 hrs.), 11/23/16 (.20 hrs.), 12/13/16 (.30 hrs.), 12/21/16 (.10 hrs.), 01/02/17 (.40 hrs.), 01/13/17 (1.10 hrs.), 03/01/17 (.30 hrs.), 03/02/17 (1.40 hrs.), 04/04/17(.60 hrs.), 04/14/17 (.90 hrs.), 07/06/17 (1.70 hrs.),07/20/17 (1.10 hrs.), 08/16/17 (.70 hrs.)

without identifying the clients and billed .6 hours. The next vague entry is dated December 28, 2015, 2015, and the description reads "prepare for and participate in meeting with potential clients re: potential FLSA claims; finalize consent to joins and engagement letters; review documents from Sierra litigation with clients and information provided by clients". It does not describe who he met with or the nature of the information shared, but globally billed 3.2 hours. Additional, the entry dated dated January 6, 2016 states that he "prepared for and participated in meeting with C. Zamora". The entry is vague regarding what was done to prepare and yet the entry is for 1.3 hours. Finally, the entry dated January 14, 2016 indicates that he "prepare for and participate in meeting with D. Nunez". Again, the entry does not provided any information about what the preparation consisted of but again allocates 1.3 hours for the preparation and the meeting. Additionally, the last two entries do not delineate the actual time spent for each task. As a result, the total of 6.4 hours will be disallowed.

### D. Reasonable Attorney's Fees

The party seeking attorney's fees bears the burden of establishing the reasonableness of the fees by submitting adequate documentation and time records of the hours reasonably expended and proving the exercise of billing judgment. *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th Cir. 1997). Attorneys must exercise "billing judgment" by excluding time that is unproductive, excessive, duplicative, or inadequately documented when seeking fee awards. *Walker v. United States Dep't of Housing & Urban Dev.,* 99 F.3d 761, 769 (5th Cir.1996). Specifically, the party seeking the award must show all hours actually expended on the case but not included in the fee request. *Leroy v. City of Houston*, 831 F.2d 576, 585 (5th Cir. 1987). Hours that are not billed properly to one's client also are not properly billed to one's adversary. *Hensley*, 461 U.S. at 434. The remedy for failing to exercise billing judgment is to reduce the hours awarded as a percentage and exclude hours that were

not reasonably expended. *Id.* Alternatively, this Court can conduct a line-by-line analysis of the time report. *See Green v. Administrators of the Tulane Educational Fund*, 284 F.3d 642 (5th Cir. 2002).

The Court has reviewed the contemporaneous billing sheets and finds that the following entries are unreasonable as they are duplicative, block billed, vague, or unnecessary:

| **Christopher Williams** | | **Michael Tusa** | | **Rosenberger** | |
|---|---|---|---|---|---|
| Hourly Rate | $300 | Hourly Rate | $350 | Hourly Rate | $100 |
| Total Hrs. Billed | 259.6 | Total Hrs. Billed | 71.4 | Total hrs. billed | 57.4 |
| Blocked Billed | (52.4) | Block Billed | (18.9) | Administrative | (41.9) |
| Vague Entries | (6.4) | | | | |
| Adjusted for BB | +34.06 | Adjusted for BB | +12.29 | | |
| Total Hours | = 234.86 | Total Hours | = 64.79 | Total Hours | = 15.5 |
| **Reasonable Fee** | **$70, 458** | **Reasonable Fee** | **$22,676.50** | **Reasonable Fee** | **$1,550** |

The total reasonable fee award equals $94,684.50

**E. Costs**

The plaintiffs seek the award of costs of $3,537.49. Plaintiffs contend that all of the costs incurred in this matter is reasonable and were necessary cost. Plaintiffs contend that they are entitled to recover fees for (i) postage/ copying incurred in connection with the distribution of notice/consent forms and communicating with opt-in plaintiffs; (ii) service of process fees for third-party subpoenas; (iii) deposition transcripts; (iv) translation services for use in communicating with opt-in plaintiffs; (v) filing fee for the complaint; (vi) PACER expenses and (vii) courier costs.

The defendants contend that the costs and expenses sought by the plaintiffs' counsel totaling $1,000 is less than the amount of expenses actually incurred. The defendants contend that because

the amount sought is less than that which was incurred, the defendant does not contest the costs and expenses. The defendants however, are mistaken in their belief that the costs sough equal $1000.

Under Rule 54(d) of the Federal Rules of Civil Procedure, costs are allowed as of course to the prevailing party unless the court otherwise directs. Fed.R.Civ.P. 54(d); *see Trans Container Servs. (Basel) A.G. v. Security Forwarders, Inc.*, 752 F.2d 483, 488 (9th Cir.1985). The trial judge has wide discretion in awarding costs under Rule 54(d). *Id.* (trial judge can deny costs to prevailing party in its discretion as long as the court indicates its reasons); *K-S-H Plastics, Inc. v. Carolite, Inc.*, 408 F.2d 54, 60 (9th Cir.) ("trial court has wide discretion in awarding costs"), cert. denied, 396 U.S. 825, 90 S.Ct. 69, 24 L.Ed.2d 76 (1969).

Courts do not have discretion under Fed.R.Civ.P. 54(d) to tax whatever costs seem appropriate. Rather, courts may tax only those costs defined in 28 U.S.C. § 1920. *Alflex Corp. v. Underwriters Laboratories, Inc.*, 914 F.2d 175, 177 (9th Cir.1990) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-442, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987)), *cert. denied*, 502 U.S. 812, 112 S.Ct. 61, 116 L.Ed.2d 36 (1991). Section 1920 permits this court to tax the following as costs:

1. Fees of the clerk and marshal;
2. Fees of the court reporter for all or any part of the stenographic necessarily obtained for use in the case;
3. Fees and disbursements for printing and witnesses;
4. Fees for exemplification and copies of papers necessarily obtained for use in the case;
5. Docket fees under § 1923 of this title; and
6. Compensation of court appointed expert, compensation of interpreters, and salaries,

fees expenses, and costs of special interpretation services under § 1828 of this title.

*See* 28 U.S.C. § 1920.

A district court may decline to award costs within the statutory categories, but it may not award costs outside those categories. *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 441–42, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987). If the party against whom costs are taxed does not specifically object, the costs sought are presumed necessary for the case. *Neutrino Development Corp. v. Sonosite, Inc.,* 2007 WL 998636, at *4 (S.D.Tex. Mar.4, 2007). If there is an objection, the party seeking costs has the burden of supporting its request with evidence documenting the **costs** incurred, and **proof**, if applicable, as to whether the challenged amount was necessarily incurred in the case. *Fogleman v. Aramco,* 920 F.2d at 285–86, 920 F.2d 278 (5th Cir. 1991) . Section 1920 must be strictly construed. *Mota v. Univ. of Texas Houston Health Science,* 261 F.3d 512, 529 (5th Cir.2001).

The cost sought by plaintiff totals: (i) $672.45/$1,146.85 for postage/copying incurred in connection with the distribution of notice/consent forms and communicating with opt-in Plaintiffs; (ii) $222.50 for service of process fees for third-party subpoenas; (iii) $357.00 for deposition transcripts; (iv) $617.00 for translation services for use in communicating with class members who do not speak English, including translation of the notice and consent forms distributed to potential opt-ins; (v) $400.00 for filing fee for the Complaint; (vi) $52.20 for PACER expenses; and (vii) $21.50 for courier costs.  Additionally submitted were cost for parking in the amount of $18.00 and Secretary of State fees in the amount of $30.00. The submitted costs total $3,537.49.  The Court finds that they are reasonable.

### F. Adjusting the Lodestar

As indicated above, after the lodestar is determined, the Court may then adjust the lodestar

upward or downward depending on the twelve factors set forth in *Johnson*, 488 F.2d at 717-19. To the extent that any *Johnson* factors are subsumed in the lodestar, they should not be reconsidered when determining whether an adjustment to the lodestar is required. *Migis v. Pearle Vision, Inc.,* 135 F.3d 1041, 1047 (5th Cir. 1998). The Court finds that an adjustment is not warranted.

**IV.     Recommendation**

Accordingly,

**IT IS RECOMMENDED** that **Plaintiff's Motion for Attorney's Fees (R. Doc. 108)** be **GRANTED** and that the Plaintiff be awarded reasonable attorney's fees in the amount of **$94,684.50.**

**IT IS FURTHER RECOMMENDED** that the Plaintiffs be awarded reasonable cost in the amount of **$3, 537.49**

**IT IS FURTHER RECOMMENDED** that Defendants and their counsel shall satisfy their obligation to the Plaintiff **no later than twenty-one (21) days** after the signing of this order.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a Magistrate Judge's Report and Recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Services Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 15th day of October 2018.

_____
**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**