UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JESSICA MARILU ROSALEZ        CIVIL ACTION
FUNEZ, ET AL.

VERSUS                         NO. 16-1922

E.M.S.P., LLC, ET AL.          SECTION: "H"(4)

# ORDER

The Court, having considered the complaint, the record, the applicable law, the Report and Recommendation ("R&R") of the Chief United States Magistrate Judge, the parties' objections to the R&R, and the responses to those objections, hereby approves the R&R of the Chief United States Magistrate Judge and adopts it as this Court's opinion in this matter except to the extent the extent as modified by this Order.

As part of the R&R granting Plaintiffs' Motion for Attorneys' Fees, Judge Roby calculated attorney Christopher Williams' legal fees based on an hourly rate of $300.[1] Williams objects that he sought to calculate his fees using a $320 hourly rate and that such a rate is reasonable in light of decisions by other sections of this Court.[2] This Court agrees with Williams and finds that his

---

[1] *See* Doc. 130 at 13.
[2] Doc. 134 at 4–6. *See* Sanchez v. Pizzati Enterprises, Inc., No. 17-9116, 2018 WL 3954866, at *4 (E.D. La. Aug. 16, 2018) (finding Williams' fee of $325 an hour reasonable considering his "15 years of experience in labor and employment matters") (Brown, C.J.); Hubert v. Curren, No. 18-7669, 2018 WL 4963595, at *4 (E.D. La. Oct. 15, 2018) (Africk, J.) (citing *Sanchez* with approval).

1

hourly rate of $320 is reasonable in light of his experience. Accordingly, Williams' total reasonable fee based on 234.86 hours of work is $75,155.20. As such, the total reasonable fee award from the R&R shall be increased from $94,684.50 to $99,318.70 to reflect an increase of $4,697.20 in Williams' reasonable fee.

On an unrelated issue, Defendants object that the wording of the R&R suggests that Defendants' counsel, who are not parties to this lawsuit, are responsible for satisfying the attorneys' fees award.[3] Plaintiffs do not oppose this objection.[4] For the sake of clarity, this Court notes that only Defendants—not their counsel—are responsible for satisfying the attorneys' fees and reasonable costs due to Plaintiffs as a result of this Order.

**IT IS ORDERED** that Plaintiffs' Motion for Attorneys' Fees is **GRANTED** and that Plaintiffs are awarded reasonable attorneys' fees in the amount of $99,318.70.

**IT IS FURTHER ORDERED** that the Plaintiffs are awarded reasonable costs in the amount of $3,537.49.

**IT IS FURTHER ORDERED** that Defendants shall satisfy their obligation to the Plaintiffs no later than twenty-one (21) days after the signing of this Order.

New Orleans, Louisiana this 14th day of February, 2019.

---

[3] Doc. 133 at 6–7. *See* Doc. 130 at 16 ("IT IS FURTHER RECOMMENDED that Defendants *and their counsel* shall satisfy their obligation to the Plaintiff no later than twenty-one (21) days after the signing of this order.") (emphasis added).

[4] Doc. 135 at 21 ("Plaintiffs have no objection to the Judgment being entered solely against all Defendants and not their counsel of record.").

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**